UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:18-CR-127-TAV-DCP-1 ) |
| DUSTIN RAY RICHARDS, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on defendant's pro se motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines Manual [Doc. 41]. The Federal Defender Services of Eastern Tennessee has filed a notice of no intention to supplement the pro se motion [Doc. 42]. The government has not responded, and the time for doing so has elapsed.

**I.  Standard of Review**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson*, 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court must first determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sent'g Guidelines Manual § 1B1.10(b)(1) (U.S. Sent'g Comm'n 2023). Other than substituting Amendment 821 for the corresponding provision applicable when the defendant was originally sentenced, the Court "shall leave all other guideline application decisions unaffected." *Id.* And the Court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended

2

guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.*; U.S. Sent'g Guidelines Manual § 1B1.10(b)(2)(A), (C).[1]  In addition to these limits, section 1B1.10 states that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. U.S. Sent'g Guidelines Manual § 1B1.10 cmt. n.1(B)(ii).  A court may further consider a defendant's post-sentencing conduct.  *Id.* at n.1(B)(iii)

## II. Factual Background

Defendant pleaded guilty to knowingly receiving child pornography, in violation of 18 U.S.C. § 2552A(a)(2)(A) and knowingly possessing material which contained an image of child pornography that involved a prepubescent minor or a minor who had not attained 12 years of age, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) [Doc. 20]. At the time of sentencing, defendant received zero criminal history points, resulting in a criminal history category of I [Presentence Investigation Report ("PSR") ¶ 57].  With a total offense level of 30 and criminal history category of I, defendant's applicable guideline range was 97 to 121 months' imprisonment [*Id.* ¶ 77].

The Court sentenced defendant on February 14, 2020, to 87 months' imprisonment [Doc. 37], which was within the guideline range.  According to the Bureau of Prisons' website, defendant is presently scheduled for release on April 23, 2026.  Inmate Locator,

---

[1] Section 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S. Sent'g Guidelines § 1B1.10(b)(2)(B).  That is not the case here.

3

Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (accessed Feb. 29, 2024).

**III.  Analysis**

Amendment 821 to the Guidelines, which became effective on November 1, 2023, has two relevant parts.  U.S. Sent'g Guidelines Supp. to App. C, amend. 821.  First, Amendment 821 revises section 4A1.1's provision for the addition of "status points" to a defendant's criminal history points if the defendant committed the offense of conviction while under a criminal justice sentence.  *Id.*  Section 4A1.1(d) previously provided for two criminal history points to be added if the defendant committed the offense of conviction while under any criminal justice sentence.  *Id.*  Under Amendment 821, section 4A1.1(e) now provides for the addition of one criminal history point "if the defendant: (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."  *Id.*  A defendant with less than seven criminal history points receives no additional "status points" under § 4A1.1.  *Id.*

Secondly, Amendment 821 adds new section 4C1.1, which provides certain "zero-point offenders" with a two-level reduction to their offense level.  *Id.*  The two-level reduction applies if a defendant meets all of the following criteria:

(1)  the defendant did not receive any criminal history points from Chapter Four, Part A;
(2)  the defendant did not receive an adjustment under §3A1.4 (Terrorism);

4

(3) the defendant did not use violence or credible threats of violence in connection with the offense;
(4) the offense did not result in death or serious bodily injury;
(5) the instant offense of conviction is not a sex offense;
(6) the defendant did not personally cause substantial financial hardship;
(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
(8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

*Id.*

Pursuant to Amendment 825, the Sentencing Commission amended section 1B1.10(d) to include these portions of Amendment 821 in the list of retroactive amendments. U.S. Sent'g Guidelines Supp. to App. C, amend. 825. The Sentencing Commission also amended section 1B1.10(e) to specify that "[t]he court shall not order a reduced term of imprisonment based on . . . Amendment 821 unless the effective date of the court's order is February 1, 2024, or later." *Id.*

Here, defendant indicates that he seeks a sentence reduction under both Parts A and B of Amendment 821. However, defendant had zero criminal history points, and, therefore, had no "status points" applied under Section 4A1.1 [*See* PSR]. Accordingly, defendant's guideline range is not impacted by Part A of Amendment 821.

As to Part B, defendant is, as noted previously, a zero-point offender [PSR ¶ 57]. But the new Section 4C1.1 only applies to certain zero-point offenders, and that section

5

sets forth nine additional requirements a defendant must meet, in addition to receiving zero criminal history points under Chapter 4, to qualify for the two-level reduction. U.S. Sent'g Guidelines § 4C1.1(a). Of relevance to this case, Section 4C1.1 requires that "the instant offense of conviction is not a sex offense[.]" *Id.* § 4C1.1(a)(5). Section 4C1.1 further defines a "sex offense" in relevant part as "an offense, perpetrated against a minor, under (i) chapter 109A of title 18, United States Code; (ii) chapter 110 of title 18, not including a recordkeeping offense; (iii) chapter 117 of title 18, not including transmitting information about a minor or filing a factual statement about an alien individual; or (iv) 18 U.S.C. § 1591[.]" *Id.* § 4C1.1(b)(2). Both of defendant's offenses of conviction fall within Chapter 110 of Title 18 and are not recordkeeping offenses. *See* 18 U.S.C. § 2252A. Defendant therefore does not qualify for a reduction under Section 4C1.1.

Because defendant would receive no relief under the amendment to Section 4A1.1 or the addition of Section 4C1.1, defendant was not sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. The Court therefore lacks authority to reduce his sentence under § 3582(c)(2) and Amendment 821. U.S. Sent'g Guidelines Manual § 1B1.10(a)(2)(B).

### III. Conclusion

For the reasons stated herein, defendant's motion [Doc. 41] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE